## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| RENAISSANCE MARKETING CORPORATION, )<br>an Illinois corporation, )<br>)<br>　　　　　Plaintiff, )<br>)<br>　v. )<br>)<br>AMERICAN ONLINE, INC., a Delaware )<br>corporation, )<br>)<br>　　　　　Defendant. ) | Case No.<br><br>Jury Trial Demanded |

## COMPLAINT

Plaintiff Renaissance Marketing Corporation ("Plaintiff"), by its undersigned attorneys, states as follows for its complaint against defendant American Online, Inc. ("Defendant"):

### NATURE OF THE CASE

1.     Plaintiff exclusively licenses all of the copyrights to the 1985 Chicago Bears Super Bowl Shuffle music video ("'85 Shuffle").  In 2009, Plaintiff granted a license to Boost Mobile LLC ("Boost Mobile") for the music to the '85 Shuffle for the limited purpose of using it in a television commercial ("Boost TV Commercial"). The Boost TV Commercial aired on February 7, 2010, during the 2010 Super Bowl.

2.     After the 2010 Super Bowl, Defendant made the Boost TV Commercial available for free to the general public via the portion of its Fanhouse web site ("Fanhouse Web Site") showing television commercials that aired during the 2010 Super Bowl.  Defendant's conduct allowed the public to listen to and share (via e-mail, Facebook, Twitter, *etc.*) the portion of '85 Shuffle music in the Boost TV Commercial without paying for it.

3.     Defendant benefitted from its conduct in two ways.  First, Defendant uses the Super Bowl commercials to drive viewers to its web site.  Second, Defendant shows other advertisements (*i.e.*, advertisements other than the Super Bowl commercial itself) before viewers can watch the Boost TV Commercial.  On information and belief, Defendant makes significant revenue from these advertisements on its Fanhouse Web Site.

4.     This lawsuit seeks damages for commercial piracy in violation of the Copyright Act of 1976 (the "Copyright Act"), as amended, 17 U.S.C. §101, *et seq*.  Plaintiff seeks the greater of statutory damages under the Act, or its actual damages and Defendant's profits derived from its infringing activity.  Plaintiff also seeks its reasonable attorney's fees, costs and an injunction.  Additionally, this lawsuit seeks damages for unjust enrichment.

5.     This lawsuit marks the second time in the last six years that Plaintiff has sued Defendant for infringing the copyrights to the '85 Shuffle.

## JURISDICTION

6.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331, 1338(a) and 1367 because plaintiff is bringing a claim under federal copyright law, and this claim is joined with a related Illinois common law claim.

7.     This Court has specific personal jurisdiction over Defendant because it has engaged in conduct, giving rise to the claims herein, that satisfies the Illinois long-arm statute (735 ILCS 5/2-209) including:  the commission of a tortious act within Illinois and the commission of a tortious act outside Illinois knowing and intending that such act would interfere with Illinois interests and cause injury within Illinois. This Court has specific personal jurisdiction because this lawsuit arises out of Defendant's conduct in playing music from the '85

2

Shuffle on its web site, which was viewable from computers located in Illinois.  On information and belief, Defendant contracts with numerous Illinois residents regarding access to the Internet.

8.     This Court also has personal jurisdiction over Defendant because, on information and belief, it transacts business and is doing business within Illinois.  This Court has general personal jurisdiction over AOL because it has continuous and systematic contacts with Illinois.

## VENUE

9.     Venue is proper in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §§1391 and 1400(a) because a substantial part of the events giving rise to the claims occurred in this judicial district, and Defendant or its agents reside or may be found in this district.

## PARTIES

10.     Plaintiff is an Illinois corporation with its principal place of business in Chicago, Illinois.

11.     Plaintiff licenses the copyrights to the Super Bowl Shuffle music, video and lyrics.

12.     Defendant is a Delaware corporation with its principal place of business at 770 Broadway, New York, New York.

13.     Defendant is leading provider of entertainment and information via the Internet. According to Defendant's web site, its "content sites" are viewed on the Internet by over 250 million people worldwide.  Defendant's web site states that its "Homepage reaches 44M U.S. monthly users with innovative rich media placements and topnotch premium content on one of

the world's most frequented pages."  Additionally, Defendant's web site states that "AOL's business spans the Internet with online and local content, innovative products and valuable services for consumers, publishers and advertisers."  Defendant's web site goes on to state that Defendant has "one of the industry's largest advertising networks …"

**BACKGROUND FACTS**

**General**

14.     The '85 Shuffle was created in December of 1985 by having various members of the Chicago Bears professional football team ("1985 Bears") sing and dance.  The 1985 Bears won the Super Bowl on January 26, 1986, and is widely considered one of the greatest professional football teams in history.

15.     Boost Mobile is a telephone company that obtained a limited license for the Super Bowl Shuffle music for the Boost TV Commercial.  The Boost TV Commercial featured some of the members of the 1985 Chicago Bears who appeared in the Super Bowl Shuffle.

16.     Fanhouse is a brand that Defendant created in 2006 and developed and maintained internally.  In January 2009, Defendant's Fanhouse web site became Defendant's official sports web site.

17.     On information and belief, Defendant has owned the Fanhouse Web Site at all times relevant to this lawsuit.  On information and belief, at the times relevant to this lawsuit, Defendant was responsible for the portion of the Fanhouse Web Site that displayed the Boost TV Commercial.

18.     On information and belief, the portion of Defendant's Fanhouse Web Site displaying the Boost TV Commercial was viewable by the general public in every U.S. state and in virtually every country where a person can access the Internet.

4

19.     Defendant attracts viewers to its Fanhouse Web Site by attempting to offer to viewers a high volume of quality entertainment and information.  On information and belief, in December 2010, the Fanhouse Web Site had 9.7 million unique users.

20.     Defendant attracts viewers to its Fanhouse Web Site in order to increase or maintain revenue from advertisements that are displayed on the web site.

21.     Defendant's Fanhouse Web Site contains pages that display the television commercials that were broadcast during the 2010 Super Bowl (http://superbowlads.fanhouse.com/2010/commercials/).

22.     Due to the worldwide popularity of the Super Bowl, advertising slots for the Super Bowl are highly prized by advertisers, which spend millions of dollars to obtain these slots.  Advertisers attempt to create commercials that are creative and high quality for the Super Bowl.

23.     Super Bowl commercials are considered to be an important part of overall the viewing experience for the Super Bowl. According to one media source, "Super Bowl commercials are almost as much of a tradition as the game itself."

24.     On information and belief, Defendant posted the 2010 Super Bowl commercials, including the Boost TV Commercial, on its Fanhouse Web Site because of the popularity of those Super Bowl commercials.


**Defendant's Infringement**

25.     Starting on approximately February 9, 2010, on information and belief, Defendant posted the Boost TV Commercial on its Fanhouse Web Site.  Attached hereto as **Exhibit A** is a

true and accurate copy of a printout of Defendant's Fanhouse Web Site showing the Boost TV Commercial.

26.     Plaintiff never gave Defendant permission of any kind at any time to use the '85 Shuffle music contained in the Boost TV Commercial.

27.     Plaintiff e-mailed Defendant on August 29, 2011, demanding that Defendant remove the infringing Boost TV Commercial from Defendant's Fanhouse Web Site.  Plaintiff e-mailed Defendant again on August 30, 2011, again demanding that Defendant remove the infringing Boost TV Commercial from Defendant's Fanhouse Web Site.  Defendant did not remove the Boost TV Commercial in response to Plaintiff's two e-mail demands.

28.     Defendant did not remove the Boost TV Commercial from the Fanhouse Web Site until approximately November 4, 2011.

29.     Defendant removed the Boost TV Commercial from its Fanhouse Web Site only after Plaintiff's counsel faxed a letter on November 3, 2011, to Defendant.


**Financial Benefit to Defendant**

30.     On information and belief, Defendant has significantly benefited financially from its posting of the '85 Shuffle music on its Fanhouse Web Site.

31.     On Defendant's Fanhouse Web Site, Defendant displays video advertisements prior to the viewing of the Super Bowl commercials.

32.     Defendant's conduct significantly damaged Plaintiff by making a portion of the '85 Shuffle music available for free when it is otherwise only legally available for a fee through a purchase transaction.

6

33.     On information and belief, Defendant knew that its wrongful conduct described herein would infringe Plaintiff's rights and result in substantial financial harm to Plaintiff.

34.     Plaintiff sued Defendant in 2006 alleging infringement of copyrights for the '85 Shuffle.

35.     The copyrights to the music to the '85 Shuffle are registered with the U.S. Copyright Office (SR 77602 and Pau 793097).

<u>Count I</u>
**Federal Copyright Infringement**
**(17 U.S.C. §§ 101, *et seq.*)**

36.     Plaintiff realleges and incorporates by reference paragraphs 1 through 35 as paragraph 36.

37.     Plaintiff has complied in all respects with the Copyright Act and secured the exclusive rights to the copyrights of Super Bowl Shuffle which are the subject of this lawsuit.

38.     Defendant knew that it did not have permission at any time to publish, display, show, broadcast, market, and/or distribute the '85 Shuffle music used in the Boost TV Commercial.

39.     Defendant's action described above violated the exclusive rights belonging to Plaintiff, including without limitation, Plaintiff's rights under 17 U.S.C. §106.

40.     On information and belief, Defendant's infringing acts have been willful and deliberate, and in utter disregard for Plaintiff's rights.

41.     As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has been damaged, and Defendant has realized financial gains and reaped benefits rightfully belonging to Plaintiff.

42.     In the absence of discovery, Plaintiff does not presently know the full extent to which Defendant has infringed Plaintiff's rights.   When Plaintiff obtains such information, Plaintiff will seek leave of this Court to amend this complaint to allege such other infringements.

**WHEREFORE**, Plaintiff requests the following relief against Defendant:

A.     Award Plaintiff damages in an amount to be determined at trial, including: (i) actual damages; (ii) statutory damages under the Copyright Act; (iii) the profits Defendant made from its infringing conduct; (iv) the benefit to Defendant from its infringing conduct; and (v) all other damages attributable to Defendant's infringement to which Plaintiff is entitled under 17 U.S.C. §504;

B.     Award Plaintiff  its costs and reasonable attorney's fees pursuant to 17 U.S.C. §505;

C.     Order Defendant to account to Plaintiff for all gains, profits, and advantages derived by it from its infringement of the copyrights;

D.     Permanently enjoin Defendant, and its officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them, from selling, publishing, republishing, distributing, displaying, copying, or otherwise using any of the '85 Shuffle music in any manner;

E.     Award prejudgment interest to Plaintiff;

F.     Award such other relief to which Plaintiff is entitled under the Copyright Act; and

G.     Grant such other relief that this Court deems just and proper.

## Count II
## Unjust Enrichment

43.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 42 as paragraph 43.

44.     As a result of the Defendant's intentional and willful conduct described above, it has reaped the benefit therefrom and has unjustly retained this benefit to Plaintiff's detriment.

45.     The Defendant's retention of this benefit violates fundamental principles of justice, equity and good conscience.

**WHEREFORE**, Plaintiff respectfully requests the following relief against Defendant:

A.     Award damages to Plaintiff equal to the amount by which Defendant was unjustly enriched by its conduct described above; and

B.     Grant such other relief that this Court deems just and proper.


## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.


                                        RENAISSANCE MARKETING CORPORATION,
                                        Plaintiff,


Dated: January 18, 2012          By:     s/ Karl Leinberger
                                        One of its Attorneys

Karl Leinberger (IL Atty. No. 6237537)
Markoff Leinberger LLC
134 N. LaSalle Street, Suite 1050
Chicago, IL 60602
312.726.4162